## JOHN BROWN *v.* ROBINSON and HASSAM.

Ship carpenters are not commercial partners, and consequently are not liable *in solido*, even for a note given for lumber purchased for carrying on their business.

The art. 2080, C. C., if literally construed, would sanction such palpable injustice as to render it absurd. Where a joint obligor wishes to avail himself of the defence, that the other joint obligors are not sued, he should do so by way of exception; stating the useful purpose of including the others, and that it could be done. Otherwise, the plaintiff may take judgment against the one before the court, for his virile share.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Hite* and *Gaither*, for plaintiff. *Durant* and *Hornor*, for defendants. The judgment of the court was pronounced by

PRESTON, J. This suit is brought upon two promissory notes against *Robinson* and *Hassam*. It is sufficiently proved that they were ship carpenters, and the notes given for lumber for their business. They are therefore liable jointly, and not *in solido* for the debt. *Brown* v. *Hughes et al.*, 2d Ann. 623. 15 L. R. 139. The demand of the plaintiff, therefore, to amend the judgment, so as to render *Robinson* liable for the whole amount of the debt, on the ground that the defendants were commercial partners, is clearly untenable; and the fact that the notes were given for timber used in the business of the firm, affords sufficient evidence that *Robinson* was authorized to sign them for the firm.

The petition was served upon *Robinson*, and not upon *Hassam*. *Robinson* plead that they were ship carpenters, and that the consideration for the notes had partially failed. Judgment, however, was rendered against both defendants, each for his half of the debt. An application was made for a new trial, by the plaintiff. It was not granted to him; but was granted in favor of *Hassam*, because he had not been cited. *Robinson* has appealed. His counsel contends that judgment could not be rendered against him on the joint obligation, without making *Hassam* a party; and relies upon art. 2080 of the Civil Code.

This article has often produced great inconvenience and delay in the administration of justice; and, if literally construed, would sanction such palpable injustice, as to render it absurd. Thus, the article declares, "that in every suit on a joint contract, all the obligors must be made defendants, and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are, by law, presumed to have done so." Literally, therefore, if one signed the contract for many, he would not be bound, if he was not authorized to do so, because all did not join in the contract. This would be absurd, and the contrary has often been decided.

BROWN
*v.*
ROBINSON.

Laws must be construed with a view to their object, in their application to controversies. The first object of making *Hassam* a party to the suit is to render him liable for his half of the debt. That is for the benefit of the plaintiff; and the defendant cannot take advantage of the failure to cite him, on that account. He has been condemned to pay but his half of the debt, and cannot therefore complain.

A second object of the law is to enable each defendant to avail himself of any payments made by either; the acquittances being, perhaps, in the possession of the one not cited. No payments were plead, or pretended, by *Robinson.* On the contrary, he plead a partial failure of consideration. This, therefore, was within his knowledge and competency to establish without the aid of *Hassam.*

A third object is, that the coöbligor may show that the obligation was not executed. *Robinson* did not pretend that; on the contrary, he, no doubt, signed the notes himself, and would be liable for the whole debt, if they were not given for the business of the firm, or if he had not authority from *Hassam* to execute them.

There were, probably, other objects for inserting this article in the New Code it not being found in the Old Code. When suit is brought upon a joint obligation, we think it but a reasonable interpretation of the article, that the defendants should be required to avail themselves of its benefits by a formal exception. And, therefore, if but a part are sued, or if all are sued and but a part cited, that those served with process should show by their pleadings that all were not made parties; that it could be done; and the useful purpose of doing it, so far as they were concerned. If the plaintiff is content with judgment against those cited for their share of the debt, and there is no ground to believe that those not cited could make defences to the action, not within the power of those before the court, we see no reason why the defendants cited should not be rendered liable for their shares of the debt, and discharged from all claim for the shares of others.

This court, in the case of *Byrne* v. *Riddle*, 3d Ann. 670, manifested their disapprobation of applying this technical and inconvenient rule of the code to cases which were not clearly embraced within it. And in the case of *Bugeroll* v. *Allard et al*, the late Supreme Court clearly intimated the opinion, that the failure to include all the coöbligors in the suit should be opposed by an exception. 6 R. R. 353.

The earlier decisions of the court concur, however, in giving a strict and rigorous construction to the article. We should, therefore, exercise a just, but perhaps too great a discretion, in affirming the judgment of the district court; but we are by no means compelled to non-suit the plaintiff, and would do injustice in so doing. Justice requires that the case should be remanded, to make *Hassam* a party, or cause him to be properly represented.

It is decreed, that the judgment of the district court be reversed, and that the case be remanded for proceedings according to law; and that the appellees pay the costs of the appeal.

SLIDELL, J., dissenting. I think, under the evidence, the defendants are chargeable as commercial partners; being in the habit of buying and selling lumber. I understand this debt to have been contracted in the purchase of lumber.